# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-4077 AS | Date | July 9, 2021 |
|---|---|---|---|
| Title | Gary Scherer v. Simco Financial Services, Inc., et al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**        **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On May 10, 2019, Gary Scherer ("Plaintiff") filed a Complaint for Damages and Injunctive Relief ("Complaint") against Simco Financial Services, Inc. ("Simco"), Serafin Alcantar ("Alcantar") and Does 1-10 (collectively "Defendants"). (Dkt. No. 1). In his Complaint, Plaintiff alleges that, at all relevant times, Simco owned real property located at 18541 Sherman Way in Reseda, California ("the Property") and that Alcantar owned Super Close Out Discount Store ("the Store"), a retail establishment located on the Property and open to the public. (Complaint, ¶¶ 2-5, 11). Plaintiff asserts that in April 2019, he went to the Store "to avail himself of [the Store's] goods or services and to assess the business for compliance with the disability access laws." (Id., ¶ 10). However, Plaintiff claims that when he attempted to visit the Store, he discovered the Store "did not provide accessible paths of travel inside the Store," an accessible sales counter, or accessible parking spaces in conformance with the Americans With Disabilities Act ("ADA"). (Id., ¶¶ 12-14, 16-17, 19-20 & fns. 1-2). Based on these barriers to accessibility, Plaintiff raises claims under Title III of the ADA and California's Unruh Civil Rights Act. (Complaint, ¶¶ 28-42). Plaintiff seeks damages under the Unruh Civil Rights Act, injunctive relief compelling Defendants to comply with the ADA and Unruh Civil Rights Act, and reasonable attorney's fees, litigation expenses and costs of suit. (Complaint at 7-8).

On June 10, 2021, Plaintiff filed a Motion for Summary Judgment ("Motion"), which Plaintiff and Simco have fully briefed. (Dkt. No. 70, 72-73, 82-83). Both Plaintiff and Simco agree the Store has closed (see Plaintiff's Memorandum of Points and Authorities in Support of Summary Judgment ("During the pendency of the federal case, the Store has closed and ceased to operate."); Declaration of Joseph Shayfar in Opposition to Summary Judgment, ¶ 9 (The Store "no longer exists. Some time in the beginning of 2020, the tenant who owned the Store moved out.")),[1] but no party has addressed the potential implications of this closure. That is, federal jurisdiction in this Court is based on Plaintiff's ADA Title III claim. 28 U.S.C. §§

---

[1]On April 7, 2020, Alcantar filed a change of address indicating he had moved to Texas. (Dkt. No. 56).

1331, 1343.  However, before addressing Plaintiff's summary judgment motion, the Court must consider whether the Store's Closure renders moot Plaintiff's ADA Title III claim.  See Rivera v. Crema Coffee Co. LLC, 438 F. Supp. 3d 1068, 1073 (N.D. Cal. 2020) ("Before the Court may consider the substance of Mr. Rivera's ADA claim, it must first resolve the threshold issue of mootness and whether this Court possesses subject matter jurisdiction over the action.").

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted).  "This means that, throughout the litigation, [Plaintiff] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'" Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853, 862 (9th Cir. 2017) (citation omitted).

"Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); see also Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1174 (9th Cir. 2010) ("Injunctive relief is the sole remedy available to private parties under the [ADA]; it does not authorize a claim for money damages.").  And a "'request for injunctive relief remains live only so long as there is some present harm left to enjoin.'" Bayer, 861 F.3d at 864 (citation omitted).  As such, federal courts have found Title III ADA claims moot when a sued business has ceased operating.  See, e.g., Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011) ("Kohler's claims for prospective injunctive relief became moot once the restaurant ceased operation."); Rivera, 438 F. Supp. 3d at 1073 ("Because the only remedy available to Mr. Rivera under Title III is injunctive relief, the permanent closure of the Coffeehouse renders that prospective relief moot.").

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE by no later than **July 19, 2021**, why his ADA claim should not be dismissed as moot.  Additionally, Plaintiff should address whether, in the event the ADA claim is moot, the Court should retain supplemental jurisdiction over Plaintiff's Unruh Act claim. See 28 U.S.C. § 1367.  Plaintiff's failure to timely respond in writing to this Order will be deemed an acknowledgment that his ADA claim is moot.  Defendants may also submit written responses to this Order addressing the mootness and supplemental jurisdiction issues by no later than July 19, 2021.

IT IS SO ORDERED.

| 0 | : | 00 |
|---|---|---|
| Initials of Preparer | | AF |