**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GARY SCHERER,

                Plaintiff,

       v.

SIMCO FINANCIAL SERVICES, INC., et al.,

                Defendants.

NO. CV 19-4077 AS

**ORDER DISMISSING FEDERAL CLAIM AS MOOT AND DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM**

**I.**

**INTRODUCTION**

On May 10, 2019, Gary Scherer ("Plaintiff") filed a Complaint for Damages and Injunctive Relief ("Complaint") against Simco Financial Services, Inc. ("Simco"), Serafin Alcantar ("Alcantar") and Does 1-10 (collectively "Defendants"). (Dkt. No. 1). In his Complaint, Plaintiff alleges that, at all relevant times, Simco owned real property located at 18541 Sherman Way in Reseda, California ("the Property") and that Alcantar owned Super Close Out Discount Store ("the Store"), a retail establishment located on the Property and open to the public. (Complaint, ¶¶ 2-5, 11). Plaintiff asserts that in April

2019, he went to the Store "to avail himself of [the Store's] goods or services and to assess the business for compliance with the disability access laws." (<u>Id.</u>, ¶ 10).   However, Plaintiff claims that when he attempted to visit the Store, he discovered the Store "did not provide accessible paths of travel inside the Store," an accessible sales counter, or accessible parking spaces in conformance with the Americans With Disabilities Act ("ADA").   (<u>Id.</u>, ¶¶ 12-14, 16-17, 19-20 & fns. 1-2).   Based on these barriers to accessibility, Plaintiff raises claims under Title III of the ADA and California's Unruh Civil Rights Act ("Unruh Act").   (Complaint, ¶¶ 28-42).   Plaintiff seeks damages under the Unruh Act, injunctive relief compelling Defendants to comply with the ADA and Unruh Act, and reasonable attorney's fees, litigation expenses and costs of suit.   (Complaint at 7-8).

On June 10, 2021, Plaintiff filed a Motion for Summary Judgment ("Motion"), which, among other things, noted that "[d]uring the pendency of the federal case, the Store has closed and ceased to operate." (Plaintiff's Memorandum of Points and Authorities in Support of Summary Judgment at 1).   On June 17, 2021, Defendant Simco filed an Opposition that, among other things, agreed that the Store was closed and out of business.[1]   (<u>See</u> Declaration of Joseph Shayfar in Opposition to Summary Judgment, ¶ 9 (The Store "no longer exists.   Some time in the beginning of 2020, the tenant who owned the Store moved out.")).

Based on the parties' statements, on July 9, 2021, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff to show cause

---

[1]  On April 7, 2020, Alcantar filed a change of address indicating he had moved to Texas.  (Dkt. No. 56).

"why his ADA claim should not be dismissed as moot" and also to "address whether, in the event the ADA claim is moot, the Court should retain supplemental jurisdiction over Plaintiff's Unruh Act claim." (Dkt. No. 85).  The OSC also afforded Defendants an opportunity to address these issues.  (<u>Id.</u>).

On July 19, 2021, Plaintiff filed a Response to the OSC.  (Dkt. No. 86).  In his Response, Plaintiff acknowledged that the Store had closed since his original visit and, therefore, Plaintiff is no longer "seeking injunctive relief[,]" but noted he is still "seeking damages under the Unruh Act" and asserted that the Court should retain supplemental jurisdiction over his Unruh Act claim.  (<u>Id.</u>).  That same day, Defendant Simco filed a Memorandum of Contentions of Law and Fact arguing, among other things, that Plaintiff's ADA claim is moot.  (Dkt. No. 88).

**II.**

**DISCUSSION**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." <u>Deakins v. Monaghan</u>, 484 U.S. 193, 199 (1988); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975).  "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996) (<u>per</u> <u>curiam</u>) (citation omitted).  "This means that, throughout the litigation, [Plaintiff] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Spencer v. Kemna</u>,

3

523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Mootness is a threshold jurisdictional issue. Alliance for the Wild Rockies v. Savage, 897 F.3d 1025, 1031 (9th Cir. 2018); United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007); see also Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 628 (9th Cir. 2016) ("We first address, as we must, the question of mootness before we can consider the substance of the parties' contentions."); Rivera v. Crema Coffee Co. LLC, 438 F. Supp. 3d 1068, 1073 (N.D. Cal. 2020) ("Before the Court may consider the substance of Mr. Rivera's ADA claim, it must first resolve the threshold issue of mootness and whether this Court possesses subject matter jurisdiction over the action."). "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'" Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853, 862 (9th Cir. 2017) (citation omitted).

"Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); see also Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1174 (9th Cir. 2010) ("Injunctive relief is the sole remedy available to private parties under the [ADA]; it does not authorize a claim for money damages."). And a "'request for injunctive relief remains live only so long as there is some present harm left to enjoin.'" Bayer, 861 F.3d at 864 (citation omitted). Here, however, it is undisputed that the Store has permanently closed, which renders Plaintiff's ADA claim moot. See Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011) ("Kohler's claims for prospective injunctive relief became moot once

4

the restaurant ceased operation."); <u>Rivera</u>, 438 F. Supp. 3d at 1073 ("Because the only remedy available to Mr. Rivera under Title III is injunctive relief, the permanent closure of the Coffeehouse renders that prospective relief moot."); <u>Johnson v. Cala Stevens Creek/Monroe, LLC</u>, 401 F. Supp. 3d 904, 910 (N.D. Cal. 2019) ("Here, the Spa at the center of Plaintiff's [ADA Title III] suit closed in March 2018. . . . [T]his fact renders the request for an injunction moot. . . ."); <u>Fernandez v. Wind Chime Props., L.P.</u>, 2020 WL 5802416, *4 (C.D. Cal. 2020) ("Defendants' uncontroverted contention that the Market has permanently closed renders Plaintiff's ADA claim moot."). Accordingly, Plaintiff's ADA claim must be dismissed as moot.

Plaintiff does not dispute that his ADA claim is moot, but contends the Court should retain supplemental jurisdiction over his Unruh Act claim. (Response at 1-11). However, a district court "may decline to exercise supplemental jurisdiction" over a state law claim if, as here, "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); <u>Velazquez v. City of Long Beach</u>, 793 F.3d 1010, 1029 (9th Cir. 2015). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 561 (9th Cir. 2010). Such is the case here. Accordingly, the Court declines to

5

exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.[2]
See Lima v. United States Dep't of Educ., 947 F.3d 1122, 1128 (9th Cir.
2020) ("Because no federal claims remain, the district court did not
abuse its discretion by declining to exercise supplemental jurisdiction
over Plaintiff's state-law claim."); Oliver v. Ralphs Grocery Co., 654
F.3d 903, 911 (9th Cir. 2011) ("Because the balance of the factors of
'judicial economy, convenience, fairness, and comity' did not 'tip in
favor of retaining the state-law claims' after the dismissal of the ADA
claim, the district court did not abuse its discretion in dismissing
Oliver's state law claims without prejudice." (citation omitted));
Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d
977, 985-88 (C.D. Cal. 2017) (declining to exercise supplemental
jurisdiction over Unruh Act claim after dismissing ADA claim as moot);

---

[2] Plaintiff argues in his Response that this Court should retain supplemental jurisdiction over this action, but his contentions are unpersuasive, often irrelevant, and suggest the Response has been repurposed without proper attention being paid to the relevance of the arguments advanced therein. (See, e.g., Response at 2-5, 8-9 (discussing irrelevant arguments); Response at 10 & n.25 (discussing purported attached exhibits when the Response has no attachments)). Indeed, the entirety of the Response appears directed at a situation in which this Court declines jurisdiction over Plaintiff's state law claims while retaining jurisdiction over the ADA claim. (See, e.g., Response at 6 (complaining that "[w]ere the Court to deny federal jurisdiction to Plaintiff's state claims, Plaintiff would have to litigate these claims in parallel in state court, or abandon the right to file well-pleaded and meritorious claims in federal court entirely"); Response at 7, 10 & ns. 21, 25 (citing cases in which courts have declined supplemental jurisdiction over Unruh Act claims filed by high-frequency litigators such as Plaintiff while ADA claims remained pending). But that is most certainly not the case here. To the contrary, this Court retained supplemental jurisdiction over Plaintiff's Unruh Act while Plaintiff had an ADA claim pending in the Court and only now declines to exercise supplemental jurisdiction because the ADA claim has been dismissed as moot and the balance of factors do not favor retention of supplemental jurisdiction over Plaintiff's state law claim.

Pappion v. R-Ranch Prop. Owners Ass'n, 110 F. Supp. 3d 1017, 1026 (E.D. Cal. 2015) (declining to retain supplemental jurisdiction over plaintiff's Unruh Act claim after granting summary judgment to defendant on plaintiff's ADA claim). Therefore, the Court dismisses Plaintiff's Unruh Act claim without prejudice. See Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (when court declines to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c)(3), dismissal of the state law claims is without prejudice).

Plaintiff requests that if the Court declines to exercise supplemental jurisdiction over his Unruh Act claim, the Court stay this Order pending the Ninth Circuit's decision in Arroyo v. Rojas, 19-55974 or, alternatively, grant Plaintiff leave to seek an interlocutory appeal. (Response at 11-14).

"A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result. . . .'" Nken v. Holder, 556 U.S. 418, 427 (2009) (citations and internal quotation marks omitted); Indiana State Police Pension Trust v. Chrysler LLC, 556 U.S. 960, 961 (2009) (per curiam). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Nken, 556 U.S. at 433 (citations omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." Humane Soc. of the United States v. Gutierrez, 558 F.3d

896, 896 (9th Cir. 2009); <u>see also</u> <u>Nken</u>, 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

Plaintiff has not met this burden.  Indeed, Plaintiff has not established even one of the relevant stay factors, let alone all of them.[3]  Accordingly, Plaintiff's request for a stay is denied.  <u>Indiana State Police Pension Trust v. Chrysler LLC</u>, 556 U.S. at 961; <u>Humane Soc. of the United States</u>, 558 F.3d at 897.  Plaintiff's request for an interlocutory appeal is also denied.  <u>See</u> <u>Wilkins v. Stanislaus Cnty.</u>, 2018 WL 433203, *4 (E.D. Cal. 2018) ("Following dismissal of this action, Plaintiff may seek a direct appeal, if he so chooses, and an interlocutory appeal will [not] be necessary."), <u>affirmed by</u>, 768 F. App'x 739 (9th Cir.), <u>cert. denied</u>, 140 S. Ct. 670 (2019); <u>Mitchell v. WinCo Foods, LLC</u>, 2019 WL 3948100, *2 (D. Idaho 2019) ("[T]he

---

[3]    Once again, Plaintiff raises what appear to be "canned" arguments without considering their applicability to the circumstances of this case.  <u>See</u>, <u>e.g.</u>, <u>Garcia v. KFT Enters. No. 2, L.P.</u>, 2020 WL 6694332, *5 (C.D. Cal. 2020) (rejecting request to stay the matter pending resolution of the appeal in <u>Arroyo v. Rosas</u> or certify an interlocutory appeal after declining to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim while retaining jurisdiction over the plaintiff's ADA claim); <u>Langer v. Cavi Invs., LLC</u>, 2020 WL 6489327, *4 (C.D. Cal. 2020) (same); <u>Vogel v. Chun Nuen Kwan</u>, 2020 WL 5219557, *4 (C.D. Cal. 2020) (same); <u>Whitaker v. Menchie's Group, Inc.</u>, 2020 WL 4820759, *4 (C.D. Cal. 2020) (same); <u>Kong v. Anderson</u>, 2020 WL 6049936, *4 (C.D. Cal. 2020) (same); <u>Arroyo v. Winco Foods, LLC</u>, 2020 WL 6083443, *4 (C.D. Cal. 2020) (same); <u>Scherer v. Woodland Owner, LLC</u>, 2019 WL 7945589, *4 (C.D. Cal. 2019) (same).  In so concluding, the Court notes that Plaintiff is represented by the same law firm that raised these arguments in the above-cited cases (and too many others to list in this footnote).  In any event, Plaintiff's "canned" filing is particularly unpersuasive since it does not attempt to thoughtfully address the circumstances of this action.

litigation is over.  There is nothing to be gained by allowing this case to linger on the docket while plaintiff pursues her appeal.  The Court will therefore . . . deny plaintiff's motion to certify an interlocutory appeal."), _affirmed on other grounds_, 828 F. App'x 467 (9th Cir. 2020).


**III.**

**ORDER**


For the foregoing reasons, Plaintiff's ADA claim is dismissed as moot, his Unruh Act is dismissed without prejudice under 28 U.S.C. § 1367(c)(3), and his requests for a stay of this action pending resolution of _Arroyo v. Rosas_ or for certification of this matter for immediate appeal are denied.


DATED: August 2, 2021

                                        /s/
                                   ALKA SAGAR
                          UNITED STATES MAGISTRATE JUDGE